By the Court.
An indictment was found against Grooms, charging that on the 8th day of November, 1910, he agreed, in consideration of ten dollars, to vote for the persons whose names appeared on the ticket of the Republican party on the ballot then being voted. Upon arraignment, he entered a plea of guilty. The sentence which followed included the exclusion of the accused from the right of suffrage for five years next succeeding the day of sentence. Although that portion of the sentence is within the express terms of Section 13314, General Code, it is said to be erroneous because the statute exceeds the authority whiéh the constitution has conferred upon the general assembly in that behalf. This conclusion is based upon the proposition that bribery is not an infamous crime. The authority questioned is granted by Section 4 of Article V of the consti1 tution in these terms: “The-general assembly shall have power to exclude from the privilege of voting, or of being eligible to office, any person convicted of bribery, perjury or other infamous crime.” The words “other” and “infamous” being in the same construction with respect to their qualifying scope, it is obvious that if the latter requires the ground of exclusion to be an infamous crime, the former, for the purpose of this grant of power, affixes that character to bribery. The act is within the express terms of the grant.

Judgment affirmed.

Spear, C. J., Davis, Si-iauck, Price, Johnson and Donahue, JJ., concur.